UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL REAZUDDIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 22-cv-03643 |
| | ) | Honorable Martha Pacold |
| GOLD COAST EXOTIC IMPORTS, LLC, | ) | |
| JOSEPH J. PERILLO, MIR IMAD KHAN, | ) | |
| SALEEM BEG, PATRICIA MENDEZ, and | ) | |
| JOSEPH ABBAS and JOHN DOES 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT**

Plaintiff and Defendant, by and through their undersigned attorneys, for their status report ordered by the Court [Dkt. 34] states as follows:

Attorney Justin Heeg, as of November 14, 2022, was admitted to the general bar of the Northern District of Illinois, resolving the prior representation issue. The Court's previous briefing schedule [Dkt. 32] on Gold Coast's motion to dismiss [Dkt. 26], motion to quash subpoena to non-party [Dkt. 27], and motion for sanctions [Dkt. 31] had been stricken pending resolution of Plaintiff's representation. Separately, in the matter of *Husain v. Gold Coast Exotic Imports, LLC et al*, (22-cv-03564), Judge Tharp has set a briefing schedule on Gold Coast's motion to reassign and consolidate this matter into the *Husain* case (the lower numbered case arising out of the exact same transaction) [Dkt. 39 (response due by 11/15/22; reply due 11/22/22)]. Thus, it may be prudent to wait for that ruling before resetting the above-referenced briefing schedules in this matter. Plaintiff's counsel further restates the contents of the October 26, 2022 joint status report [Dkt. 33] for convenience.

1

1. **The Nature of the Case:**

   A. **Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney**:

   | | |
   |---|---|
   | Lead Attorney for Plaintiff Michael Reazuddin: | Justin W. Heeg<br>Heeg Law Offices, PLLC<br>111 N. Wabash Ave., Ste. 100<br>Chicago, Illinois 60602<br>Office: (312) 900-0218 / (615) 933-1007<br>Email: justin@heeglawoffices.com |
   | Lead Attorney for Defendant Gold Coast Exotic Imports, LLC dba/Perillo BMW: | Ira M. Levin / Alexander D. Marks<br>Burke, Warren, MacKay & Serritella, P.C.<br>330 N. Wabash Ave., 21st Floor<br>Chicago, IL 60611<br>Ph: (312) 840-7000 / Fax: (312) 840-7900<br>ilevin@burkelaw.com/amarks@burkelaw.com |

   B. **Briefly describe the nature of the claims asserted in the complaint and any Counterclaims and/or third-party claims:**

   Summary of Plaintiff's claims:

   Plaintiff alleges a series of claims arising out of the sale of a motor vehicle. Plaintiff alleges the vehicle had mechanical defects, a rolled back odometer, and contends the sale contract was an illegal agency contract that was void *ab initio*. Plaintiff's claims include claims under the Civil Racketeer Influenced Corrupt Organization Act (Counts I, II, III), consumer fraud (Count IV), common law fraud (Count V), breach of implied warranty (Count VI), unjust enrichment (Count VII), promissory estoppel (Count VIII), conversion (Count IX), conspiracy (Count X), and declaratory judgment (Count XI).

   C. **Briefly identify the major legal and factual issues in the case.**

   **Factual Issues**:

   Gold Coast asserts the factual issues will include whether there were mechanical defects in the vehicle, whether the vehicle had a rolled back odometer, whether the dealership

knew of any defects or odometer issues, and what steps the dealership took in response to Plaintiff's complaints.

Plaintiff alleges Defendant Gold Coast sold a mechanically defective vehicle with a rolled back odometer for $98,229.81 in Mahreen Husain's name without her knowledge and had the Plaintiff sign as her agent. Dealer took possession of inoperable vehicle three years ago, and no refund was issued to this point. The involuntary vehicle owner, Mahreen Husain, who is domiciled in State of Georgia and is not privy or party to any contract or agreement has filed her own federal tort claims against the Defendants. (2022-cv-03564). Plaintiff nonsuited his state claim and filed his new case in this court, which also involved federal claims and asserts it is in further consideration for judicial efficiency.

**<u>Legal Issues</u>**:

Gold Coast asserts that the initial, major legal issue for the Court is to address the proper forum for this matter to be litigated based on the interlocutory state court order for arbitration prior to Plaintiff's nonsuit. The Circuit Court of Cook County, affirmed by the Illinois Appellate Court, has previously held that all disputes relating to the vehicle purchase must be submitted to arbitration pursuant to an arbitration agreement entered into by the parties.

Plaintiff contends that the agency contract was void ab initio and so was the arbitration provision contained in it. The Circuit Court asserted that their ruling was confined to arbitrability issue only and refused to rule on the contract as a whole. Gold Coast has filed a motion to dismiss based on the arbitration agreement and prior Illinois State Court rulings. [Dkt. 26]. Gold Coast has also moved to reassign and consolidate this matter with Case No. 2022-cv-03564. Gold Coast believes Rooker-Feldman and Collateral

3

Estoppel bars Plaintiff's claims in this court and has a pending Motion to Dismiss. Plaintiff although agrees that the "proper forum" to litigate must be addressed but contends that the state court interlocutory order lacks finality to end litigation and therefore are exempt under Rooker-Feldman and the Collateral Estoppel doctrines, along with bringing federal claims, and based on such reasoning, Plaintiff believes he is properly before this court. On the other hand, the conflict for "proper forum" may spiral if Ms. Husain's case is reassigned and consolidated with the instant case pursuant to the motion filed by Gold Coast. Gold Coast contends that she should be held to the purchase agreement under the direct-benefit rule. Ms. Husain asserts she was not privy or party to any agreement nor did she avail any benefit under any contract as all her claims are based on tort and contends she should not be compelled to give up her constitutional right to a jury trial. Gold Coast, Plaintiff and Mahreen Husain (if consolidated) hold contrary positions regarding "proper forum" to litigate this matter. Plaintiff contends that the Court should rule on Plaintiff's requested declaratory relief to establish the validity of the entire contract so all parties' rights and obligations are transparent.

**D. State the relief sought by any of the parties.**

Gold Coast has moved to dismiss this lawsuit [Dkt. 26], to quash a third-party subpoena [Dkt. 27], and for Rule 11 sanctions [31]. Defendant has also moved to reassign and consolidate this case with Mahreen Husain's Case No. 2022-cv-03564, which motion is pending before the lower numbered case.

Plaintiff seeks refund of purchase price of $98,229.81 plus various forms of common law and statutory damages. Plaintiff is strongly opposing Defendant's motions and the

4

responses to the motions are due on November 18, 2022 according to this court's briefing schedule.

2. **Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim{s).**

   A. **Identify all federal statutes on which federal question jurisdiction is based.**

   Plaintiff asserts original jurisdiction under 28 U.S. Code § 1331 because it arises under the "laws...of the United States" as stated herein.

   This Court also has specific jurisdiction over Racketeer Influenced Corrupt Organization Act ("RICO") claim under 18 U.S.C. § 1964 (c) to award damages for violations of 18 U.S.C. § 1962 *et.seq.*, against any enterprise or individual who is engaged in a pattern of racketeering activities.

   Plaintiff also asserts claims under 49 U.S.C. §32710 *et.seq.*, 49 U.S.C. § 32705 *et.seq.*,

   B. **If jurisdiction over any claims is based on diversity or supplemental jurisdiction:**

   Plaintiff asserts this Court has diversity jurisdiction since he contends the amount in controversy exceeds $75,000 and the Plaintiff has different citizenship than all Defendants. This Court's diversity and supplemental jurisdiction are invoked under 28 U.S.C. §§ 1332, 1337, 1367.

   (1) **State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute).**

   There is no dispute regarding the amount in controversy in this case as it will exceed $75,000, exclusive of interest and costs, as the Plaintiff is requesting the purchase

price in the amount of $98,229.81 be returned, along with damages allowed under the common law and federal statutes.

(2) **Identify the state of citizenship of each named party. For unincorporated associations, LLC's, partnerships and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.**

    (a) Plaintiff MICHAEL REAZUDDIN contends he is an individual domiciled in the State of Kansas, at all times relevant to this Complaint.

    (b) Defendant GOLD COAST EXOTIC IMPORTS, LLC is an Illinois limited liability Company with its principal office being listed with the Illinois Secretary of State as 834 Rush Street, Chicago, IL 60611, and its registered agent being listed with the Illinois Secretary of State as John Papadia of 8501 W. Higgins Rd., Suite 440, Chicago, IL 60631.

    (c) Gold Coast owner JOSEPH J. PERILLO is an individual domiciled in the State of Illinois at all times relevant to this Complaint.

    (d) Gold Coast employee MIR IMAD KHAN is an individual domiciled in the State of Illinois at all times relevant to this Complaint.

    (e) Gold Coast employee SALEEM BEG is an individual domiciled in the State of Illinois at all times relevant to this Complaint.

    (f) Gold Coast employee PATRICIA MENDEZ is an individual domiciled in the State of Illinois at all times relevant to this complaint.

    (g) Gold Coast employee JOSEPH ABBAS is an individual domiciled in the State of Illinois at all times relevant to this Complaint.

Plaintiff asserts that this Court has subject-matter jurisdiction over all claims based on diversity, including that the claims have arose from a common nucleus of operative facts and are a part of the same case and controversy. Plaintiff contends resolving the claims in a single forum will promote judicial efficiency and will be convenient to the parties, including that none of the claims raises a novel or complex

issue of State law, nor substantially predominate over the claims for which the Court has original jurisdiction.

3. **Status of Service: Identify any defendants that have not been served.**

   Plaintiff contends all Defendants have been served with Summons and Complaint and the Affidavits of Service have been filed with the Court [Dkt. 17-20, 24, 25]. Gold Coast's counsel represents Joseph Perillo, who contests proper service. Gold Coast's counsel is investigating service as to the remaining individual defendants and will likely represent other individual defendants that are employees of the dealership.

4. **Consent to Proceed Before a United States Magistrate Judge: Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent. Do NOT report whether individual parties have so consented**.

   The parties wish to first determine the forum this matter will be litigated in before discussing this issue.

5. **Motions:**

   **A. Briefly describe any pending motions.**

   Defendant Gold Coast Exotic Imports LLC, by and through its attorney, Alexander Marks, has filed on October 10, 2022:

   (1) A Motion to Quash Plaintiff's Subpoena Duces Tecum issued by this Court;
   (2) Motion to Dismiss Plaintiff's Complaint pursuant to 12(b)(1) and 12(b)(6);
   (3) Rule 11 Motion for Sanctions; and
   (4) In Case No. 2022-cv-03564 (earlier filed case involving same transaction), a motion to reassign and consolidate.

   Plaintiff is strongly contesting Gold Coast's position and will be filing its responses to these motions which are due by November 18, 2022 as per the briefing schedule of this court communicated in the Minute Order [Dkt. 32].

**B. State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.**

Gold Coast has filed the above-motions. Gold Coast's counsel states the remaining Defendants are awaiting determination as to the proper forum to litigate prior to filing their responsive pleadings by Answers or Motions.

**6. Status of Settlement Discussions:**

**A. Indicate whether any settlement discussions have occurred.**

Gold Coast states that it has previously discussed amicable resolution but could not reach agreement.

Plaintiff contends that he has not received any settlement offers from the Defendant. Plaintiff further states they have sent multiple settlement offers through prior counsel and these were not responded to by Defendant.

Gold Coast disputes those assertions.

**B. Describe the status of any settlement discussions; and**

Gold Coast is awaiting continued litigation as to the proper forum before considering engaging further with Plaintiff and his new counsel. Plaintiff remains open and inclined to settle this matter and move on.

**C. Whether the parties request a settlement conference.**

Gold Coast does not want a settlement conference at this time. Plaintiff, however, is open to settlement conference.

Gold Coast Exotic Imports, LLC
d/b/a Perillo BMW, Defendant,

By: /s Alexander D. Marks
    One of its attorneys

Ira M. Levin (ilevin@burkelaw.com)
Alexander D. Marks (amarks@burkelaw.com)
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Ave., 21st Floor
Chicago, IL 60611
312-840-7000 (Telephone)
312-840-7900 (Facsimile)

Michael Reazuddin,

By /s/ Justin W. Heeg
    One of his attorneys

Justin W. Heeg (justin@heeglawoffices.com)
Heeg Law Offices, PLLC
111 N. Wabash Ave., Ste. 100
Chicago, IL 60602
312-900-0218 (Telephone)
424 Church St. Ste. 2000
Nashville, TN 37219

615-933-1007 (Telephone)

4892-7238-1243

CERTIFICATE OF SERVICE

The undersigned, an attorney, states that on the 14th day of November, 2022, he caused the foregoing Joint Status Report to be filed electronically with the Clerk of the Northern District of Illinois, Eastern Division, and to be served by the electronic filing service on all counsel of record.

/s Justin W. Heeg