

Eydie R. Vanderbosch, Esq.
Eydie R. Vanderbosch, Esq. –
Legal and Consulting Services, LLC.)
10 South Riverside Plaza
Suite 875
Chicago, IL 60606
Direct: 312-523-5299
eydie@ervjd.com

June 11, 2022

Mr. Alexander Marks
Burke. Warren, MacKay & Serritella, PC
330 North Wabash Ave, Suite 2100
Chicago, IL 60611

      *Re: Mahreen Hussein v. Gold Coast Exotic Imports, LLC. et al.*
      *Mike Reazuddin v. Gold Coast Exotic Imports, LLC. et al.*

Dear Mr. Marks,

We are writing to provide you notice that Plaintiff Marine Hussain plans to file federal and state law claims against Gold Coast Exotic Imports LLC. ("Gold Coast"), Joseph J. Perillo, Mir Imad Khan, Saleem Beg, Patricia Mendez and possibly others, arising out of sale of a 2012 Rolls-Royce Ghost ("The Vehicle") to Plaintiffs and the titling of the Vehicle in Mahreen Hussein's name without her knowledge or consent. Plaintiff Mike Reazuddin plans to reassert his previously dismissed state court claims in federal court with the same and additional claims, with the understanding that his claims may ultimately be directed to arbitration.

Specifically, Plaintiffs are seeking damages caused by and arising out of Defendants' false and fraudulent representations and disclosures and plan to file claims for actual and statutory damages for violations of the Odometer Requirements Act, 49 U.S.C. § 32710, *et seq*., for violations of the Illinois Odometer Act 625 ILCS 5/3-112.1(b) & (1), for violations of the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS § 505/2, for violation of Implied Warranty of Merchantability, 810 ILCS § 5/2-314, for Publication of Private Facts, Intentional Infliction of Emotional Distress, Unjust Enrichment and Restitution, Promissory Estoppel, Conversion, Declaratory Judgment, for violation of Civil Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1964, *et seq*., and for common law fraud.

As you know from Mr. Reazuddin's previously filed complaint, Mir Imad Khan made numerous misrepresentations to Mr. Reazuddin to induce him to purchase the Vehicle in question. Mr. Khan

indicated that the car had only one owner who was a regular client of Gold Coast and that the car was "clean." Mr. Khan also asserted that the car had 55,929 miles on it, which was mostly freeway miles. Mr. Khan further indicated that the vehicle had only been serviced by Gold Coast so that Mr. Kahn knew the vehicle was reliable. Mr. Khan also who stated that the vehicle was certified by Gold Coast's workshop and that if something didn't work, Gold Coast would fix it right away.

Mr. Khan also informed plaintiff Mr. Reazuddin that if he purchased the vehicle on July 15, 2019, he would receive the title the same day. Plaintiffs believed that Joseph Perillo was aware of Mr. Kahn's false statements and ratified the conduct of Mr. Khan.

To induce Mr. Reazuddin to purchase the vehicle, Mr. Khan offered a $10,000 discount that was only valid the same day. In purchasing the vehicle, Mr. Reazuddin relied on representations from both Mr. Khan and Mr. Beg that it was perfectly "legal" for Mr. Reazuddin to sign as the "agent" of plaintiff, Ms. Hussein, although no agency relationship existed between Ms. Hussein and Mr. Reazuddin.

Once signed, Finance Manager Beg and Co-Owner Joseph Abbas then called Joseph Perillo for approval, which was given by him. Mr. Reazuddin \ possessed no power of attorney to sign for Ms. Hussein and she had no knowledge whatsoever of the car being purchased and titled in her name and without her consent.

As you know, the same day that Mr. Reazuddin obtained possession of the Vehicle and only a mere 70 miles away, the vehicle's entire front end collapsed and the Vehicle became completely inoperable. This was quite an unnecessary incident, which could have caused severe injury or even death to Mr. Reazuddin. Ms. Mendez signed under penalty of perjury that the actual mileage of the vehicle is 55,929.

All Mr. Reazuddin wanted was to have the contract voided or for Gold Coast to have the car repaired, which was Gold Coast's obligation by law, having breached the implied warranty of merchantability concerning the Vehicle. But, with cash in hand, rather than do the right thing and meet its obligations under the law, Gold Coast chose to invoke more deception, inducing Mr. Reazuddin to return the vehicle for a supposed full refund, which \ to date has never provided despite Gold Coast promising to pay for all towing, storage costs and liability related to the vehicle.

To make matters even more egregious, plaintiffs were not provided the title to the vehicle until after 24 days from the purchase date only to learn that the mileage on the vehicle title was lower in 2019 and it was in 2014, some 5 years prior, providing an inference that the Vehicle's mileage had been rolled back by Gold Coast. Surely they knew of this when they sold the Vehicle and hid this from Plaintiffs by delaying providing the title.

Ms. Hussein, being highly distressed that her name and personal information was used by Defendants in the sale of the Vehicle without her knowledge or consent, immediately notified Gold Coast to cease and desist and demanded cancellation and return of all items bearing her name and personal information. Again, Gold Coast failed to comply and tried to dupe Mr. Reazyuddin in providing Ms. Hussein's license to make it appear that she was aware of and approved of the purchase. Notably, the funds used to purchase the vehicle were part of Plaintiffs' joint funds,

which both Plaintiffs contributed to over the course of their ten year engagement so Ms. Hussein was equally damaged financially despite not actually participating in the purchase of the Vehicle.

Moreover, Ms. Hussein did not learn about the odometer rollback until May 2022 and it is plaintiff's contention therefore that her claims under the Odometer Act (federal and state) are not time-barred. As you know both the state and federal odometer statutes provide for triple damages, which in this case amount to $305,144.43.

Furthermore, Plaintiffs' RICO claims also provides for 3 times actual damages and we believe we have plenty of bases to assert and sustain a RICO claim against your clients. While it has tried to hide behind its arbitration clause, we had little difficulty finding numerous cases involving similar fraud and odometer rollbacks and once we subpoena arbitration records we expect to find many more.

Plaintiffs' claims may also result in an award of attorneys' fees and costs to be paid to Plaintiffs and based on the egregious nature of Defendants' actions, we believe that a jury and/or arbitrator would certainly award punitive damages in this case. Just looking at the attorneys' fees Plaintiffs have incurred thus far and the anticipated future attorneys' fees that will result in this case, Defendants could easily be looking at a judgment against them in excess of one million dollars in this case, if not much more.

As previously discussed, I was completely stunned to learn that, prior to my involvement in this case, Mr. Reazuddin made a $125,000 demand to settle this matter, which was rejected by your client. Considering it pretty clearly owes Plaintiffs $98,000, that demand was a gift that should have been immediately accepted by your client(s). We disagree with your contention that your client offered to make Plaintiff(s) whole based on a settlement agreement it drafted that no attorney in their right mind would allow Plaintiffs to sign, as it was without consideration and sought for Plaintiffs to indemnify Gold Coast from third-party claims. Now, we are much further down the road and Plaintiffs have incurred significant additional costs and damages, while your clients have benefited from the wrongful withholding of Plaintiffs' funds.

Should this matter go to trial and/or arbitration we will seek all remedies afforded by law including triple compensatory damages, attorneys' fees, costs and punitive damages that we believe the jury will award. In the spirit of reasonableness however, Plaintiffs have agreed to settle this matter for $305,144.43 (or three times their actual damages). Kindly relay this demand to your client and respond within a reasonable time in order to avoid filing of these claims and the further and unnecessary costs of litigation.

Sincerely,

Eydie R. Vanderbosch