IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL REAZUDDIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 22-cv-3643 |
| GOLD COAST EXOTIC IMPORTS, LLC, *et al.*, | ) Judge John J. Tharp, Jr. ) ) |
| Defendants. | ) |

## ORDER

For the reasons set forth in the Statement below, Attorney Eydie Glassman's motion to vacate the sanctions order [52] is denied.

## STATEMENT

The Court previously granted the defendants' motion to dismiss and Rule 11 motion for sanctions. ECF No. 47. In granting the latter, the Court found that the conduct of plaintiff Michael Reazuddin and his former attorney Eydie Glassman—specifically, initiating the above-captioned *Reazuddin* federal case to evade a prior state court referral to mandatory arbitration—warranted sanctions under Rule 11 for frivolousness and improper purpose in the form of attorney's fees. ECF No. 47. The Court ordered that the two should split defendant Gold Coast Exotic Imports, LLC's attorney's fees evenly, and the defendant's counsel filed an affidavit supporting the fees at ECF No. 48. The Court then set a deadline of October 19, 2023 for any objections to the defendant's calculation of attorney's fees and ordered defendant's counsel to serve Attorney Glassman with the relevant orders. ECF No. 50.

Attorney Glassman responded on October 19, 2023 with a motion to vacate the award of sanctions. ECF No. 52. In her motion, Ms. Glassman makes several averments regarding her former client's conduct and the *Husain* federal case, which were not the basis for the sanctions order. None of her arguments address the merits of—much less identify any manifest errors of law or fact concerning—the Court's finding that her filing of the *Reazuddin* federal case was frivolous.

The motion, ECF No. 52, and reply, ECF No. 58 argue, however, that the sanctions order against Glassman should be vacated on procedural grounds, specifically due to a lack of notice as required by Rule 11. The Court explained its finding regarding notice in its order dismissing the complaint and granting sanctions. Order at 10, n.7, ECF No. 47. The defendant's response in opposition, ECF No. 56, also shows that Ms. Glassman was provided with notice of the impending motion for sanctions. She had nearly a year to respond to it while it was pending, including after she had withdrawn from the case. The Court did not hold a hearing to decide the motion. It was decided based on the parties' filings. As a result, Rule 11's requirement of "notice and a reasonable opportunity to respond" was satisfied with respect to Ms Glassman.

The defendant's attorney's fees amount to $21,842.50. Ms. Glassman does not object to any of the substance of the affidavit outlining attorney's fees or its calculations, *i.e.*, she only contests the appropriateness of sanctions in general. Her portion of the fees awarded ($10,921.25) is due to the defendant or its counsel by 5/27/24.

Dated: April 22, 2024

John J. Tharp, Jr.
United States District Judge